UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

Case No. 5:24-cv-00159-MMH-PRL

**MELISSA C. WEBB**,

    Plaintiff,

v.

**WARDEN STEPHEN ROSSITER,
JAMAUL AKEEM JACKSON,
JARED M. COLUMBINE, and
MITZI K. SHIVER**

    Defendants.

_____/

## DEFENDANT ROSSITER'S UNOPPOSED, TIME-SENSITIVE MOTION FOR BRIEF EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT

**DEFENDANT** STEPHEN ROSSITER, by and through undersigned counsel, seeks a brief extension of time to respond to the Complaint for Damages against All Defendants with Jury Demand (DE 1), filed by Plaintiff, MELISSA C. WEBB on April 1, 2024. Pursuant to M.D. Fla. L. R. 3.01(e), Defendant requests an expedited ruling on this motion for a brief extension of time because Defendant's response to the Complaint is currently due June 3, 2024. In support of this time-sensitive motion, Defendant states as follows:

1

## BACKGROUND

1. In this 42 U.S.C. § 1983 action, Plaintiff claims "deprivation under color of law … rights, privileges, and immunities secured by the Constitution of the United States[]" based on allegations of sexual assault while she was an inmate at Lowe Correctional Institution Annex in Ocala Florida. *Id.* at ¶¶ 1-13. She is seeking compensatory and punitive damages, reasonable attorney's fees and costs, as well as trial by jury. *Id.* at 14.

2. The current deadline for Defendants' response is June 3, 2024, based on the May 11, 2024[1] service of the summons on Defendant Rossiter.

3. Since receiving assignment of the case at bar, the undersigned has begun diligently investigating and researching the issues presented in this case in preparation for filing a meaningful response.

4. Completion of that investigation has been made problematic due, in part, to the particular circumstances of this case, including the nature of the allegations within the complaint and other logistical difficulties. This research is crucial to the Defendants' response and is likely result in the discovery information that will assist the Court in deciding issues that will be raised therein,

---

[1] There is a discrepancy as to whether the summons was served on Mr. Rossiter on Saturday, May 11, 2024, as recorded on the summons, or on Monday, May 13, 2024, as recorded by the employee upon whom process was served. Regardless of which date it was served, the operation of Fed. R. Civ. P. 6(a)(1)(C) results in the deadline for response being June 3, 2024.

including issues related to the exhaustion requirement contained in 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act of 1985.

## ARGUMENT AND MEMORANDUM OF LAW

5. Pursuant to Fed. R. Civ. P 6(b), extensions of time are permitted "for good cause":

   a. "with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires;" Fed. R. Civ. P 6(a) or,

   b. "on motion made after the time has expired if the party failed to act because of excusable neglect. Fed. R. Civ. P 6(b)."

6. "[E]xcusable neglect is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996) (internal quotations omitted), quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 392 (1993). Factors to be considered include "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* (internal quotations omitted).

7. This request is being made prior to the expiration of time to respond.

8. There will be no undue prejudice to the Plaintiff if this Motion is granted.

9. The brief delay in responding to the Complaint will have only minimal, if any, impact on these judicial proceedings.

10. The delay in filing a response was due to factors that were outside the Defendant's reasonable control.

11. Pursuant to M.D. Fla. L. R. 3.01(e), Defendant requests this Honorable Court respond to this Motion by Friday, May 31, 2024.

**WHEREFORE**, Defendant Florida Department of Corrections respectfully requests an extension to July 1, 2024 within which to file a response to Plaintiff's complaint.

Respectfully Submitted,

ASHLEY MOODY
FLORIDA ATTORNEY GENERAL

*Walter Dale Miller*
WALTER DALE MILLER, ESQ.
Senior Assistant Attorney General
Florida Bar Number 13738
OFFICE OF THE ATTORNEY GENERAL
1515 N. Flagler Drive, Suite 900
West Palm Beach, Florida 33401
Telephone: (561) 268-5217
Facsimile: (561) 837-5102
Walter.Miller@myfloridalegal.com
Lead Attorney for Defendant Stephen Rossiter

*Julia J. McBee*
JULIA J. MCBEE, ESQ.
Assistant Attorney General
Fla. Bar No: 1026038
OFFICE OF THE ATTORNEY GENERAL
1515 North Flagler Drive, Suite 900
West Palm Beach, Florida 33401
Tel. 561-268-5287
Fax. 561-837-5102
Julia.McBee@myfloridalegal.com
Attorney to be Noticed for Defendant Stephen Rossiter

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 28, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on this date on all counsel of record or *pro se* parties identified below in the manner specified:

JAMES V. COOK, ESQ.
Florida Bar Number 966843
Law Office of James Cook
314 West Jefferson Street
Tallahassee, FL 32301
(850) 222-8080; 561-0836 fax
cookjv@gmail.com
Lead Attorney for Plaintiff

JAMES M. SLATER, ESQ.
Florida Bar Number 111779
Slater Legal PLLC
113 S. Monroe Street
Tallahassee, Florida 32301
 (305) 523-9023
james@slater.legal
Attorney to be Noticed for Plaintiff

5

## **LOCAL RULE 3.01(G) CERTIFICATION**

**I HEREBY CERTIFY** that on May 28, 2024 I conferred by telephone and email with attorney James V. Cook, counsel for the Plaintiff, who does not oppose the relief requested herein.

*Walter Dale Miller*
Walter Dale Miller, Esq.
Senior Assistant Attorney General