UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MELISSA C. WEBB,

    Plaintiff,

vs.                                CASE NO. 5:24-cv-00159-MMH-PRL

WARDEN STEPHEN ROSSITER,
JAMAUL AKEEM JACKSON,
JARED M. COLUMBINE, and
MITZI K. SHIVER,

    Defendants.
_____/

**DEFENDANT MITZI K. SHIVER'S UNOPPOSED
TIME-SENSITIVE
MOTION FOR EXTENSION OF TIME
TO RESPOND TO PLAINTIFF'S COMPLAINT**

Defendant, MITZI K. SHIVER, by and through her undersigned attorney, hereby moves this Court for an Order enlarging the time within which Defendant, MITZI K. SHIVER must respond to Plaintiff, MELISSA C. WEBBS'S Complaint for Damages against All Defendants with Jury Demand filed by Plaintiff on April 1, 2024. Pursuant to M.D. Fla. L.R. 3.01(e), Ms. Shiver requests a ruling on this time-sensitive Motion for an Extension of Time because Ms. Shiver's response to the Complaint is currently due May 31, 2024.

Pursuant to Federal Rules, provides that a party may file a motion to enlarge the time within which a party has to take action pursuant to an

order of the court. Following the office of Thompson, Crawford, Brown & Smiley, P.A. receiving notice of this Court's service, undersigned counsel has reviewed the pleadings and all attached exhibits and has begun investigating the factual allegations and legal arguments contained in the Complaint. However, due to delays in this investigation and not receiving all the documents requested, undersigned counsel has been unable to complete a full response to Plaintiff's Complaint at this time. In support of this motion, Ms. Shiver states as follows:

## BACKGROUND

1. In this 42 U.S.C. §1983 action, Plaintiff claims "deprivation under color of law ... rights, privileges, and immunities secured by the Constitution of the United States[]" based on allegations of sexual assault while she was an inmate at Lowe Correctional Institution Annex in Ocala Florida. *Id.* at ¶¶ 1-13. She is seeking compensatory and punitive damages, reasonable attorney's fees, and costs, as well as trial by jury. *Id.* at 14.

2. The current deadline for Ms. Shiver's response is May 31, 2024, based on the May 10, 2024, service of the summons on Ms. Shiver and filed with this Court on May 30, 2024 [DOC 14].

3. Counsel for Ms. Shiver was retained on May 30, 2024, to defend Ms. Shiver and counsel for Ms. Shiver has not had an opportunity to confer with his

client regarding Plaintiff's allegations to address the issues presented in this case in preparation for filing a meaningful response.

4. Completion of counsel's investigation is crucial to Ms. Shiver's response and is likely result in the discovery information that will assist the Court in deciding issues that will be raised therein, including issues related to the exhaustion requirement contained in 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act of 1985.

5. Additional time is needed to obtain all the necessary documents, investigate the exhaustion of administrative remedies by Plaintiff, complete the responsive pleading, and confer with the client prior to filing.

## ARGUMENT AND MEMORANDUM OF LAW

6. Pursuant to Fed. R. Civ. P 6(b), extensions of time are permitted "for good cause":

　　a. "with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires;" Fed. R. Civ. P 6(a) or,

　　b. "on motion made after the time has expired if the party failed to act because of excusable neglect. Fed. R. Civ. P 6(b)."

7. "[E]xcusable neglect is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." Cheney v. Anchor Glass Container Corp., 71 F.3d 848, 850 (11th Cir. 1996) (internal

quotations omitted), quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 392 (1993). Factors to be considered include "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Id. (internal quotations omitted).

8. This request is being made prior to the expiration of time to respond.

9. There will be no undue prejudice to the Plaintiff if this Motion is granted.

10. The delay in responding to the Complaint will have only minimal, if any, impact on these judicial proceedings.

11. The delay in filing a response was due to factors that were outside Ms. Shiver's reasonable control.

12. Pursuant to M.D. Fla. L. R. 3.01(e), Ms. Shiver requests this Honorable Court respond to this Motion by close of business, Friday, May 31, 2024.

**WHEREFORE**, Defendant Shiver respectfully requests an extension to July 1, 2024 within which to file a response to Plaintiff's Complaint.

### Local Rule 3.01 (g) Certification

Pursuant to Local Rule 3.01 (g), the undersigned hereby certifies that a conferral email was sent to counsel for Plaintiff on May 30, 2024, and counsel for Plaintiff has no objection to Ms. Shiver's Request for Enlargement of Time until July 1, 2024, within which to file a response to Plaintiff's Complaint.

DATED this 31st day of May, 2024.

THOMPSON, CRAWFORD,
BROWN & SMILEY, P.A.

_____
THOMAS R. THOMPSON, ESQ.
FLORIDA BAR NO. 890596
1330 Thomasville Road
Tallahassee, FL 32303
(850) 386-5777
Fax: (850) 386-8507
tom@tcslawfirm.net
rebecca@tcslawfirm.net
ATTORNEY FOR DEFENDANT SHIVER

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished by Electronic Filling to all counsel of record on this 31st day of May, 2024.

_____
Thomas R. Thompson, Esq.