UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**MELISSA C. WEBB,**

    **Plaintiff,**

v.                                       Case No. 5:24-cv-00159

**WARDEN STEPHEN ROSSITER,
JAMAUL AKEEM JACKSON, JARED
M. COLUMBINE, and MITZI K.
SHIVER, individually,**

    **Defendants.**
_____/

## UNOPPOSED MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT AND FOR EXTENSION OF TIME TO ANSWER COMPLAINT

Defendant, JAMAUL AKEEM JACKSON, by and through undersigned counsel, hereby moves this Court to set aside the default against Defendant, pursuant to Fed. R. Civ. P 50(c), and extend the time for Defendant to respond to the Complaint to July 1, and states the following in support thereof:

1. Plaintiff is an inmate in the custody and care of the Florida Department of Corrections ("FDC"), who filed a 42 U.S.C. § 1983 action seeking compensatory and punitive damages against the Defendants, including Defendant Jamaul Jackson ("JACKSON")

2. Defendant JACKSON was served a copy of the summons from this lawsuit on May 17, 2024. His response to Plaintiff's Complaint was due on June 7, 2024.

3. On June 19, 2024, Plaintiff filed its Request for Clerk's Entry of Default. [ECF Doc. 27]

4. The Clerk's Entry of Default occurred on June 20, 2024. [ECF Doc. 28]

5. All other individually named Defendants in this case, Rossiter, Columbine, and Shiver, filed motions for enlargement of time to answer the Complaint, all of which were granted. [ECF Docs. 11, 16, 18, 20, 23, and 24]. Plaintiff's counsel had consented to the extensions requested by the individual Defendants and all of those responsive pleadings are now due on July 1, 2024.

6. Defendant JACKSON now seeks to respond to Plaintiff's Complaint by July 1, 2024 and counsel for Plaintiff has consented to the request.

7. Likewise, Plaintiff's counsel has agreed that the default may be set aside in order for Defendant JACKSON to respond to the Complaint.

## LEGAL STANDARD

Rule 55(c) of the Federal Rules of Civil Procedure provides that a court may set aside an entry of default for "good cause." A liberal standard is applied to determine what constitutes "good cause" and that standard varies from situation to situation. C*ompania Interamericana Export-Import, S.A. v. Compania Dominica de*

*Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996)(citation omitted) Generally, "defaults are seen with disfavor because of the strong policy of determining cases on their merits." *Fla. Physicians's Ins. Co. Inc. v. Ehlers,* 8 F.3d 780, 783 (11th Cir. 1993).

Courts have considered many nonexclusive factors in determining whether "good cause" has been shown including, among other factors, whether the default was culpable or willful, whether setting aside the default would prejudice the opposing party, and whether the defaulting party acted promptly to correct the default. *Id.* (citations omitted)  In this case, counsel has only recently been retained and entered an appearance yesterday, June 24, 2024 to represent Defendant JACKSON.  Any delays that may have occurred in responding to Plaintiff's Complaint were therefore purely a matter of failing to be attentive to deadlines by Defendant. Even so, Defendant has acted promptly to correct the default as it was entered just 5 days ago.  Finally, setting aside the default would not prejudice the opposing party, nor would it cause any delays.  As stated herein, the other named individual defendants have yet to respond to Plaintiff's Complaint.  Plaintiff's counsel has agreed that Defendant JACKSON may respond to the Complaint by the same date as all other Defendants should the court grant Defendant's Motion to Set Aside the Clerk's Default.

WHEREFORE, Defendant JACKSON hereby requests that the Court:

a. GRANT Defendant's Motion to Set Aside Clerk's Entry of Default; and

b.   VACATE the Clerk's Default against Defendant [ECF Doc. 28]; and

c.   GRANT Defendant's Motion for Extension of Time to Respond to Complaint by July 1, 2024.

Respectfully submitted,

*/s/ Jami M. Kimbrell*
Jami M. Kimbrell
Florida Bar No. 0657379
Howell, Buchan & Strong
2898-6 Mahan Drive
Tallahassee, Florida 32308
Telephone: (850) 877-7776
jami@jsh-pa.com
*Attorney for Defendant Jackson*

## LOCAL RULE 3.01(g) CERTIFICATION

The undersigned counsel has conferred with the opposing party in regard to this Motion via electronic mail. The opposing party agrees with and consents to the terms of these Motions.

*/s/ Jami M. Kimbrell*
Jami M. Kimbrell

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of foregoing has been served on all counsel of record by e-filing on June 25, 2024.

*/s/ Jami M. Kimbrell*
Jami M. Kimbrell