UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**MELISSA C. WEBB,**

    **Plaintiff,**

v.   Case No. 5:24-cv-00159

**WARDEN STEPHEN ROSSITER,
JAMAUL AKEEM JACKSON, JARED
M. COLUMBINE, and MITZI K.
SHIVER, individually,**

    **Defendants.**
_____/

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, JAMAUL AKEEM JACKSON, by and through his undersigned counsel, hereby responds to Plaintiff's Complaint and states as follows:

### JURISDICTION, VENUE AND PARTIES

1. Admitted solely for purposes of jurisdiction; otherwise denied.

2. Admitted solely for purposes of jurisdiction; otherwise denied.

3. Admitted this venue is one possible option for bringing suit.

### Parties

4. Admitted that Plaintiff was an inmate with the Florida Department of Corrections (FDC).

1

5. Admitted that Defendant, JAMAUL AKEEM JACKSON, was a correctional sergeant at Lowell Correctional Institution during the time period relevant to the Complaint.

6. Without knowledge, therefore denied.

7. Without knowledge, therefore denied.

8. Without knowledge, therefore denied.

9. Without knowledge, therefore denied.

10. Without knowledge, therefore denied.

## COMMON ALLEGATIONS OF FACT

A. **Jackson Sexually Assaults Webb at Lowell and Others Assist Him**

11. Admitted that Plaintiff was an inmate with the Florida Department of Corrections (FDC).

12. Denied.

13. Denied.

14. Without knowledge, therefore denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Without knowledge, therefore denied.

20. Admitted that Defendant Jackson was moved to Marion Correctional Institution, otherwise, denied.

21. Without knowledge, therefore denied.

22. Admitted.

23. Denied.

24. Admitted that Defendant Jackson was arrested, otherwise denied.

25. Without knowledge, therefore denied.

B. **The DOJ Investigation into Sexual Misconduct at Lowell**

26. Without knowledge, therefore denied.

27. Without knowledge, therefore denied.

28. Without knowledge, therefore denied.

29. Without knowledge, therefore denied.

30. Without knowledge, therefore denied.

C. **History of Sexual Misconduct at Lowell**

31. Without knowledge, therefore denied.

32. Without knowledge, therefore denied.

33. Without knowledge, therefore denied.

34. Without knowledge, therefore denied.

35. Without knowledge, therefore denied.

36. Without knowledge, therefore denied.

37. Without knowledge, therefore denied.

## CAUSES OF ACTION

**I.   Unlawful Force under 42 U.S.C. § 1983 (against Jackson)**

Admitted, denied, or without knowledge as previously stated in paragraphs 1 through 37.

38. Admitted solely for purposes of jurisdiction; otherwise denied.

39. Admitted.

40. Denied.

41. Denied.

42. Denied.

43. Denied,

44. Without knowledge, therefore denied.

**II.   Failure to Protect under 42 U.S.C. § 1983 (against Rossiter)**

Admitted, denied, or without knowledge as previously stated in paragraphs 1 through 37.

45. Without knowledge, therefore denied.

46. Without knowledge, therefore denied.

47. Without knowledge, therefore denied.

48. Without knowledge, therefore denied.

49. Without knowledge, therefore denied.

50. Without knowledge, therefore denied.

51. Without knowledge, therefore denied.

52. Without knowledge, therefore denied.

III. **Failure to Protect under 42 U.S.C. § 1983 (against Columbine and Shiver)**

Admitted, denied, or without knowledge as previously stated in paragraphs 1 through 37.

53. Without knowledge, therefore denied.

54. Without knowledge, therefore denied.

55. Without knowledge, therefore denied.

56. Without knowledge, therefore denied.

57. Without knowledge, therefore denied.

58. Without knowledge, therefore denied.

59. Without knowledge, therefore denied.

## PRAYER FOR RELIEF

To the extent that a response is required to the section titled "Prayer for Relief," denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Amended Complaint and every cause of action therein failed to state a claim upon which relief may be granted.

2. Plaintiff's Amended Complaint as filed contains mere statements of opinion and conclusions, unsupported by specific facts, and as such, the Complaint fails to state a cause of action for which relief can be granted.

3. Plaintiff fails to establish that Defendants were independently liable for a violation of § 1983 and fails to satisfy all elements of the claim. Plaintiff, therefore, fails to establish and cannot establish that Defendants violated Plaintiff's constitutional rights.

4. Plaintiff alleges that she has suffered damages by reason of Defendant's conduct; Defendant asserts the right to offset if any amount of money is owed to Plaintiff by another party as a result of the conduct alleged.

5. Plaintiff has failed to mitigate and lessen damages, if she sustained any, as required by law, and is barred from recovery by reason thereof against Defendant.

6. If Plaintiff has mitigated her own alleged damages, Defendants are entitled to an offset for this amount.

7. To the extent that Plaintiff suffered injury as a result of the actions from herself or some third party and/or conditions not under the control of Defendant, Plaintiff is barred from recovery, in whole or in part, against Defendant with respect to such injuries.

8. Plaintiff is unable to establish a prima facie case for any of the pleaded causes of action.

9. Plaintiff's Complaint alleges conclusions of fact and law, and the answering Defendant cannot fully anticipate all affirmative defenses and reserves the right to add additional affirmative defenses as discovery proceeds or additional pleadings are filed, in accordance with Rule 15(a), Fed. R. Civ. P.

Respectfully submitted,

*/s/ Jami M. Kimbrell*
Jami M. Kimbrell
Florida Bar No. 0657379
Howell, Buchan & Strong
2898-6 Mahan Drive
Tallahassee, Florida 32308
Telephone: (850) 877-7776
Jami@jsh-pa.com
*Attorney for Defendant Jackson*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of foregoing has been served on all counsel of record by e-filing on July 1, 2024.

*/s/ Jami M. Kimbrell*
Jami M. Kimbrell